By the Court.
Plaintiff in error urges that the trial court erred in overruling motions made by it to arrest the case and to direct a verdict in its favor, on the ground that no negligence on its part had been shown.
*436 There was a distinct issue made by the pleadings as to the negligence of the defendant below; substantial evidence was, introduced by each party on this issue; and the court properly left its solution to the jury.
Defendant earnestly insisted in the courts below, and here, that the decedent was guilty of contributory negligence, and considerable evidence was introduced touching that issue. Plaintiff in error urges, that the trial court erred in refusing to give to the jury the following special charge requested by it before argument:
■ “8. I now charge you that Mr. Bicher seated as he was in the front seat by the side of Mr. Adams, the driver, was required to reasonably use his faculties of sight and hearing to observe and avoid any impending dangers incident to such driving along a country pike during the nighttime, and apprise the driver of the machine as would a person of reasonable and ordinary prudence under the same or similar circumstances.”
It is insisted that within the rule declared in The Toledo Railways & Light Co. v. Mayers, 93 Ohio St., 304, the above charge should have been given.
In that case, where a guest of the owner and driver was injured, it was held that the negligence of the -driver of an automobile which comes into collision with a street car is not imputable to the guest, although the guest is required to exercise ordinary care for his own safety and to reasonably use his faculties, of sight and hearing to avoid danger incident to crossing the track. But it is the function of the jury to determine from the facts *437 shown in each case whether the injured person used such care, and what care the circumstances required.
Plaintiff in error by the request made desired the court to instruct the jury what in the particular circumstances of this case a person of reasonable and ordinary prudence would do. Such a thing can only be determined from the circumstances, and these the jury must find. They might find that under the facts of a particular case a person who is not driving, but is merely a guest, might, under the circumstances disclosed in that case, rely on the driver without being negligent or imprudent. Especially would this be true if there was nothing in the situation indicating probable danger.
Moreover, the court gave to the jury seven special charges requested by defendant (plaintiff in error), in two of which, numbers six and seven, the duty of decedent to exercise ordinary care for his own safety in avoiding danger incident to such driving along a country road in the nighttime is fully stated.
We do not find any reason to interfere, and the judgment will be affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.